**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**THIRD DIVISION**

In re: ARTHUR D'AMARIO, III,

Petitioner,

Civil No. 00-2464 (ADM/AJB)

**ORDER ON MOTION TO REOPEN CASE**

This matter is before the Court, Magistrate Judge Arthur J. Boylan, on petitioner's motion to reopen the case following voluntary dismissal pursuant to Fed. R. Civ. P. 41(a)(1)(I). Petitioner is a prisoner at the Federal Medical Center in Rochester, Minnesota. He initially commenced the action seeking a hearing under 18 U.S.C. § 4245. This statute provides that upon proper objection by the prisoner, a hearing shall be held on the prisoner's present mental condition before the prisoner can be transferred to another facility for care and treatment of his alleged mental condition.[1] The government was ordered to respond to the motion, but the petitioner voluntarily dismissed the action without prejudice pursuant to Fed. R. Civ. P. 41(a)(1)(I), before any response was filed or served. The Court thereafter issued an Order dismissing the action without prejudice. Petitioner now moves to reopen the case, alleging that the action was voluntarily dismissed at the request of prison officials, and that pursuant to Fed. R. Civ. P. 60(b)(3) he is entitled to relief from the Court's Order dismissing the action. As a basis for relief he generally alleges fraud relating to representations that he might be considered for a transfer from FMC–Rochester to FCI--Fort Dix, N.J.

On motion to reopen a case under Fed. R. Civ. P. 60(b)(3) the moving party must

[1] Hearing in a court in the district in which the facility to which a prisoner is transferred is appropriate if a prisoner is involuntarily transferred, or is kept at a facility for treatment after a permissible transfer for evaluation purposes only. United States v. Jones, 811 F.2d 444, 449 n.6 (8th Cir. 1987)

FILED APR 18 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD ____
DEPUTY CLERK ____

show by clear and convincing evidence that the opposing party engaged in a fraud or misrepresentation that prevented the movant from fully and fairly presenting his case. Greiner v. City of Champlin, 152 F.3d 787, 789 (8th Cir. 1998). A motion under Rule 60(b)(3) should be granted only upon a adequate showing of exceptional circumstances and the decision on the motion will be addressed to the court's discretion. Rauenhorst v. United States, 104 F.R.D. 588, 598 (D. Minn. 1985).

There has not been adequate showing in this instance that prison officials engaged in fraud or misrepresentation which prevented the prisoner from fully and fairly presenting his case to the Court. Indeed, the motion to reopen only effectively alleges breach of promise and such an allegation does not sufficiently support a motion under Fed. R. Civ. P. 60(b)(3) for relief based upon fraud or misconduct by the opposing party. The petitioner voluntarily dismissed this action without prejudice under Fed. R. Civ. P. 41(a)(1)(I) and it is not the Court's determination that the prisoner may not under any circumstances recommence an action seeking a hearing under 18 U.S.C. § 4245. However, he may not merely maintain a court file which can be closed and reopened without proper justification under the Rules of Civil Procedure.

Based upon the petitioner's failure to make an adequate showing that this action should be reopened for purposes of allowing him relief from an order that was obtained on the basis of fraud, misrepresentation, or other misconduct as required by Fed. R. Civ. P. 60(b)(3), the motion to reopen case is **denied** [Docket No. 8].

Dated: 4/18/01

Arthur J. Boylan
United States Magistrate Judge